# IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2025 AUG 18 P 12: 03

CLERK_____ MM
SO. DIST. OF GA.

FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**Brandon Haynes,**
Plaintiff,

v.

**KOMOLA EDWARDS,** (Individually and in Official Capacity)
**ANTOINE CALDWELL,** (Individually and in Official Capacity)
**SEAN GITTENS,** (Individually and in Official Capacity)
**JOHN MOORE,** (Individually and in Official Capacity)
**TIMOTHY PHILLIPS,** (Individually and in Official Capacity)
**ANGIE PITTMAN,** (Individually and in Official Capacity)
**MARK SMITH,** (Individually and in Official Capacity)
**WOODROW TRIPP,** (Individually and in Official Capacity)
**GEORGIA DEPARTMENT OF CORRECTIONS,**

Defendants.

Case No.: 4:25cv-190
**JURY TRIAL DEMANDED**

Filing Fee pd. #400002596

# COMPLAINT FOR MALICIOUS PROSECUTION, DEFAMATION, AND DUE PROCESS VIOLATIONS

## I. INTRODUCTION

1. Plaintiff, **Brandon Haynes**, a former officer employed by the **Georgia Department of Corrections (GDC)** at **Johnson State Prison**, brings this action seeking redress for **malicious prosecution, defamation, and due process violations** after being falsely arrested and prosecuted based on **unfounded allegations**, causing irreparable damage to his **career, reputation, and well-being**.
2. Defendants, acting **under color of state law**, knowingly or recklessly caused Plaintiff's **wrongful arrest and prosecution without probable cause**, violating both **Georgia law and federal constitutional rights under the Fourth and Fourteenth Amendments**.

## II. JURISDICTION AND VENUE

3. This Court has **jurisdiction over the federal claims** pursuant to **28 U.S.C. § 1331** (federal question jurisdiction) and **42 U.S.C. § 1983** (civil rights violations).
4. This Court has **supplemental jurisdiction** over Plaintiff's **state law claims** pursuant to **28 U.S.C. § 1367**, as they arise from the same facts as the federal claims.
5. **Venue is proper** in this Court pursuant to **28 U.S.C. § 1391(b)**, as the events giving rise to this action occurred in **Wrightsville, Johnson County, Georgia**, within the jurisdiction of the **Southern District of Georgia, Dublin Division**.

## III. PARTIES

6. **Plaintiff** Brandon Haynes is a resident of **Tennille, Washington County, Georgia**, and was, at all relevant times, employed as a **correctional officer** with the **Georgia Department of Corrections (GDC)** at **Johnson State Prison**.
7. **Defendants**, in their individual and official capacities, include:
   - **Komola Edwards**
   - **Antoine Caldwell**
   - **Sean Gittens**
   - **John Moore**
   - **Timothy Phillips**
   - **Angie Pittman**
   - **Mark Smith**
   - **Woodrow Tripp**
8. Defendant **Georgia Department of Corrections (GDC)** is a **state agency** responsible for overseeing correctional facilities and personnel in Georgia.

## IV. FACTUAL ALLEGATIONS

9. On **June 18, 2018**, Plaintiff was **wrongfully arrested** based on **false allegations** made by Defendants **without probable cause** and subsequently **indicted twice**:
   - **2018 Indictment**: Four counts filed against Plaintiff. **(See Exhibit A)**
   - **2023 Reindicated**: identical charges **(See Exhibit B)**
10. Plaintiff was not allowed to provide testimony at the 2018 or 2023 grand jury hearings.
11. On August 16, 2018, Plaintiff was arrested and booked by the Johnson County Sheriff's Office., without a warrant being issued.
12. On or about **September 27, 2017** Plaintiff was called to report to Johnson County Police Department to be interviewed by Department of Corrections Investigator **Mark Smith**, Plaintiff was not read his Miranda Rights. Plaintiff stated to investigator Smith, that he was not involved in any incidents involving Inmate Frederick Green, and that he believed that inmates were making false allegations, because the CERT term was finding a lot of

contraband and they "wanted to get the good guys out." Plaintiff, at that time agreed to a polygraph examination if requested (**See Exhibit C**).

13. **Komola Edwards**, appeals official for the Department of Corrections, Johnson State Prison, was responsible for investigating all aspects of the alleged complaints of physical assault made by inmate Green and other inmates. Komola Edwards failed to investigate the background of Inmate Frederick Green and inmate Steven Swords (who also alleged assault against Plaintiff), thereby contributed to the continued violations of due process, malicious prosecution and defamation.
14. **Antoine Caldwell,** Warden at Johnson State Prison, failed to instruct the investigators on the case to do a complete and through investigation of the alleged assaults; thereby contributing to the continued harassment, due process violations, malicious prosecution and defamation.
15. **Sean Gittens, John Moore, Timothy Phillips and Angie Pittman,** all supervisory or investigative personnel, who either actively participated in the investigation or failed to prevent the continuation of prosecution once exculpatory evidence, including polygraph results and the falsity of inmates' accusations, became apparent. The failure of these investigators in their duty to thoroughly investigate the inmates and their alleged abuses became more apparent as the case continued from 2018 through 2023, with multiple inmates being dropped from the indictment(s). Further proving their malicious intent, defamation and due process violations, as after more than 5 years the alleged misconduct never proceeded to trail (**See Exhibit D**)
16. 
17. **Georgia Department of Corrections:** The agency employed all individual Defendants and is responsible for their conduct in official capacities. GDC failed to implement or enforce policies that would prevent malicious investigations and failed to correct the record or reinstate Plaintiff after the charges were dismissed, thereby violating Plaintiff's due process rights.
18. **All Defendants**: Plaintiff alleges that all named Defendants failed to disclose or investigate exculpatory evidence, including inmate(s) long history of false allegations and complaints. They knowingly relied on or perpetuated these false allegations in pursuing charges.
19. Plaintiff was publicly identified in news reports and agency statements, resulting in severe damage to his professional reputation and personal standing in the community.
20. In the **2018 and 2023 indictments,** Plaintiff **Frederick Green and Steven Swords,** inmate(s), falsely accused Plaintiff. Despite **having a well-documented history of filing false grievances dating as far back as 2009,** his background was never investigated or considered.
21. Defendants **failed to investigate exculpatory evidence**, leading to Plaintiff's **wrongful prosecution, suspension, and ultimate termination.**

*"Plaintiff was on track to achieve further promotions had his career progress not been terminated due to the false allegations & subsequent termination.*

22. On **October 19, 2023**, the criminal case against Plaintiff was **dismissed,** confirming the lack of probable cause.
23. On **January 27, 2025**, despite the dismissal, the **Georgia Peace Officer Standards and Training Council (POST)** notified Plaintiff that his **POST certification remains**

**suspended**, preventing him from obtaining **any form of law enforcement employment**. (See Exhibit E)
24. On **January 11, 2024**, the **EEOC** issued Plaintiff a **Notice of Right to Sue**. (See Exhibit F).

## V. CAUSES OF ACTION

### COUNT 1: MALICIOUS PROSECUTION (42 U.S.C. § 1983 – FOURTH & FOURTEENTH AMENDMENTS)

25. Plaintiff incorporates by reference all prior paragraphs.
26. Defendants, acting **under color of state law**, wrongfully initiated and continued Plaintiff's criminal prosecution **without probable cause**, violating his **Fourth Amendment right** against unlawful seizures and **Fourteenth Amendment due process rights**. (**Albright v. Oliver, 510 U.S. 266 (1994)**).

### COUNT 2: MALICIOUS PROSECUTION (GEORGIA STATE LAW – O.C.G.A. § 51-7-40)

27. Plaintiff incorporates by reference all prior paragraphs.
28. Under **O.C.G.A. § 51-7-40**, malicious prosecution occurs when a person is prosecuted **without probable cause and with malice**.
29. Defendants wrongfully initiated and maintained criminal charges against Plaintiff despite knowing they were **baseless. (See Griffin v. Williams, 177 Ga. App. 28 (1985))**.

### COUNT 3: DEFAMATION (GEORGIA LAW – O.C.G.A. § 51-5-1 et seq.)

30. Plaintiff incorporates by reference all prior paragraphs.
31. Defendants **knowingly or recklessly** made **false and defamatory statements** regarding Plaintiff's alleged misconduct.
32. **Under O.C.G.A. § 51-5-10**, slander per se includes **false statements that harm one's profession or accuse them of a crime**, both of which apply here.

### COUNT 4: DUE PROCESS VIOLATION (42 U.S.C. § 1983 – FOURTEENTH AMENDMENT)

33. Plaintiff incorporates by reference all prior paragraphs.

34. Defendants **deprived Plaintiff of a protected liberty and property interest** without due process, specifically by **continuing his POST certification suspension despite the dismissal of charges. (See Mathews v. Eldridge, 424 U.S. 319 (1976))**.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks:

- **Compensatory damages** for lost wages, emotional distress, and reputational harm.
- **Punitive damages** against individual defendants for willful misconduct.
- **Attorney's fees** under **42 U.S.C. § 1988**.
- **Injunctive relief,** including **reinstatement of POST certification**.
- **Total damages of $2,500,000.00** for lost salary, insurance, and career damages.

## EXHIBITS

- **Exhibit A** – 2018 Indictment
- **Exhibit B** – 2023 Reindictment
- **Exhibit C** – 2017 Interview
- **Exhibit D** – Exculpatory Evidence
- **Exhibit E** – P.O.S.T. denial of reinstatement
- **Exhibit F** – EEOC Right to Sue letter

## JURY TRIAL DEMANDED

Respectfully submitted,

Brandon Haynes
215 Phillips Road
Tennille, GA 31089
Phone: 478-357-6876          Email:b.haynes47@yahoo.com

# Evidentiary Summary for Submission

*United States District Court*
*Southern District of Georgia – Savannah Division*

**Plaintiff: Brandon Haynes**

**Defendants: Komola Edwards, Antoine Caldwell, Sean Gittens, John Moore, Timothy Phillips, Angie Pittman, Mark Smith, Woodrow Tripp, and Georgia Department of Corrections**

Case Type: Civil Rights - Malicious Prosecution, Defamation, and Due Process Violations

## EVIDENTIARY SUMMARY

| Exhibit | Description | Purpose |
|---|---|---|
| A | 2018 Indictment (Four counts) | Shows initial false charges initiated without probable cause |
| B | 2023 Re-indictment | Demonstrates continuation of prosecution without trial |
| C | September 27, 2017 Interview | Documents bias by interviewer Mark Smith |
| D | Exculpatory Evidence | Proves failure to investigate or consider mitigating facts |
| E | POST Certification Suspension Letter | Documents ongoing employment consequences despite dismissal |
| F | EEOC Right to Sue Letter | Indicates exhaustion of administrative remedies for employment-related harms |

Respectfully submitted,

Brandon Hayes

215 Phillips Rd
Tennille, GA 31089
(478) 233-2406
d.haynes47@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

Brandon Haynes,
Plaintiff,

v.

KOMOLA EDWARDS, et al.,
Defendants.

Case No.: _____

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE POSITION THAT IMMUNITY DOES NOT APPLY

## I. INTRODUCTION

Plaintiff submits this memorandum to address anticipated defenses of qualified immunity, sovereign immunity, and official immunity. The facts alleged in the Complaint demonstrate that these immunities do not bar Plaintiff's claims. The law is clear that government officials are not shielded from liability where they violate clearly established constitutional rights or act with actual malice under Georgia law.

## II. QUALIFIED IMMUNITY DOES NOT APPLY

Qualified immunity protects government officials performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Here, the Complaint alleges violations of Plaintiff's Fourth Amendment right to be free from malicious prosecution without probable cause and Fourteenth Amendment due process rights. These rights were clearly established at the time of the Defendants' conduct. See Albright v. Oliver, 510 U.S. 266 (1994); Kingsland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004). No reasonable official could believe that instituting or maintaining baseless criminal charges in the face of exculpatory evidence was lawful.

## III. ELEVENTH AMENDMENT SOVEREIGN IMMUNITY DOES NOT BAR RELIEF

While the Eleventh Amendment generally bars suits against state agencies for monetary damages, it does not bar suits for prospective injunctive relief against state officials sued in their official capacities. Ex parte Young, 209 U.S. 123 (1908). Plaintiff seeks prospective injunctive relief in the form of reinstatement of his POST certification to end an ongoing violation of federal law. Such relief falls squarely within the Ex parte Young exception.

## IV. GEORGIA SOVEREIGN IMMUNITY IS WAIVED FOR CERTAIN CLAIMS

Georgia's sovereign immunity is subject to waiver as provided by statute. See Ga. Const. Art. I, Sec. II, Para. IX. The Georgia Tort Claims Act, O.C.G.A. § 50-21-20 et seq., waives sovereign immunity for certain torts committed by state officers and employees acting within the scope of their official duties, subject to enumerated exceptions. Additionally, O.C.G.A. § 50-21-23(b) provides that sovereign immunity is waived for actions brought in state or federal court as provided in the Act.

## V. OFFICIAL IMMUNITY DOES NOT APPLY WHERE THERE IS ACTUAL MALICE

Under Georgia law, public officials are not entitled to official immunity for ministerial acts negligently performed or for discretionary acts performed with actual malice or intent to cause harm. See Cameron v. Lang, 274 Ga. 122 (2001). The Complaint alleges that Defendants acted with actual malice by knowingly pursuing baseless criminal charges against Plaintiff, ignoring exculpatory evidence, and making false defamatory statements. Such conduct, if proven, defeats any claim of official immunity.

## VI. CONCLUSION

For the foregoing reasons, Defendants are not entitled to qualified immunity, sovereign immunity, or official immunity. Plaintiff respectfully requests that the Court deny any motion to dismiss based on immunity defenses and permit this case to proceed to discovery and trial.

Respectfully submitted,

_____
Brandon Haynes
215 Phillips Road
Tennille, GA 31089
Phone: 478-357-6876
Email: b.haynes47@yahoo.com

Clerk of Court
United States District Court
Southern District of Georgia
Savannah District
124 Bernard Street
Savannah, GA 31401

August 11, 2025

Re: Brandon Haynes v. Georgia Department of Corrections, et al. – Submission of Complaint and Evidentiary Summary

Dear Clerk of Court,

Enclosed please find the Complaint for Malicious Prosecution, Defamation, and Due Process Violations, along with the associated Evidentiary Summary, and Plaintiff's Memorandum of Law in Support of the Position that Immunity does not apply, in the case of Brandon Haynes v. Georgia Department of Corrections, et al., to be filed in the United States District Court for the Southern District of Georgia, Savannah Division.

The Complaint names the following Defendants in both individual and official capacities: Komola Edwards, Antoine Caldwell, Sean Gittens, John Moore, Timothy Phillips, Angie Pittman, Mark Smith, Woodrow Tripp, and the Georgia Department of Corrections. The Complaint alleges violations of 42 U.S.C. § 1983 (malicious prosecution and due process), O.C.G.A. § 51-7-40 (state-law malicious prosecution), and O.C.G.A. § 51-5-1 et seq. (defamation).

Also enclosed is the Evidentiary Summary, which identifies the specific exhibits supporting each claim, including indictment, denial of reinstatement of P.O.S.T. certifications and EEOC Right to Sue Notice, reflecting reputational harm.

Plaintiff respectfully requests the Court to file-stamp the Complaint and associated exhibits and assign a case number.

Respectfully submitted,

Brandon Haynes, Plaintiff pro se
215 Phillips Road
Tennille, GA 31089
Phone: 478-357-6876                    Email: b.haynes47@yahoo.com

Enclosures:
- Complaint for Malicious Prosecution, Defamation, and Due Process Violations, Evidentiary Summary and Memorandum of Law in Support of the Position that immunity does not apply
- Evidentiary Summary

# James Blair – Evidentiary Summary

This evidentiary summary accompanies the complaint filed in the U.S. District Court for the Southern District of Georgia by Plaintiff James Blair. It outlines key exhibits referenced in the complaint and their legal significance.

- Exhibit A – 2018 Indictment: Establishes the initiation of criminal charges against Plaintiff.
- Exhibit B – 2023 Re-indictment and Grand Jury No Bill: Demonstrates the absence of probable cause and a favorable termination.
- Exhibit C – Contraband Reports and Grievance Histories: Provides context and motive for false allegations made against Plaintiff.
- Exhibit D – Arrest Records (No Warrant Issued): Shows violation of the Fourth Amendment as Plaintiff was arrested without a warrant.
- Exhibit E – Interrogation/Investigator Statements: Evidence of coercive interrogation tactics used to pressure Plaintiff.
- Exhibit F – Polygraph Examination Results: Reinforces Plaintiff's truthfulness and highlights discrepancies in the timeline of charges.
- Exhibit G – News Articles and Agency Statements: Demonstrates public defamation and reputational harm.
- Exhibit H – POST Certification Appeal Request: Reflects Plaintiff's effort to maintain certification and his assertion of innocence.
- Exhibit I – Inmate Allegations Beginning in 2016: Shows allegations predated Plaintiff's employment, supporting claims of fabrication.
- Exhibit J – Medical Records: Documents Plaintiff's health deterioration linked to stress from wrongful prosecution.
- Exhibit K – DOC Employment Records and Promotions: Establishes Plaintiff's long and exemplary service record.
- Exhibit L – October 2023 Nolle Prosequi Order: Official dismissal of the criminal case confirming favorable resolution.
- Exhibit M – POST Certification Suspension Notice (Jan. 2025): Shows continuing consequences despite dismissal of charges.
- Exhibit N – EEOC Right to Sue Notice (Jan. 2024): Demonstrates administrative exhaustion of remedies and right to pursue civil claim.

*Prepared for inclusion in the initial court filing by Plaintiff, Pro Se.*